# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **STEVEN P. BUBENCHIK, JR.,** | Case No. 5:17 CV 1890 |
| Petitioner, | Judge Solomon Oliver, Jr. |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN ED SHELTON,** | |
| Respondent. | **REPORT AND RECOMMENDATION** |

## INTRODUCTION

*Pro se* Petitioner Steven P. BuBenchik ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Petitioner then filed an Amended Petition (Doc. 31), to which Respondent Warden Ed Shelton ("Respondent") filed an Answer / Return of Writ (Doc. 32) and Petitioner filed a Reply (Doc. 34). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Doc. 6). For the reasons discussed below, the undersigned recommends the Petition be denied.

## FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. On direct appeal, the Ohio Fifth District Court of Appeals set forth the following facts:

{¶ 2} During the evening of August 8, 2013, the Massillon Police Department received a call from appellant's wife, who was not living with him at the time. She told police that she received a voice mail message from appellant, stating that he would see her in the next lifetime. Massillon police officers Rogers, Alexander and Riccio went to appellant's home for a "welfare check." They knocked on doors, shined lights in the windows, and attempted to make contact with anyone who might be inside. Although two vehicles were in the driveway, officers saw no lights on in the home and no movement inside. The officers left.

{¶ 3} Appellant's wife called the police department again, expressing concern that appellant had harmed himself. Sgt. Kenneth Smith asked dispatch to try to find a family member, and dispatch reached appellant's parents. Officers Smith, Rogers, Riccio and Alexander went back to appellant's home with appellant's parents. Sgt. Smith learned that appellant had been questioned earlier that day by Det. Bobby Grizzard, who investigates child sexual abuse cases.

{¶ 4} The officers and appellant's parents walked around the house, knocked on the door, shined lights in the windows, and called out to whoever might be inside. No one inside responded, and after about ten minutes, appellant's parents asked police to leave, believing appellant might come out if the police were not present. The officers left, parked their cruisers several blocks away, and waited.

{¶ 5} After waiting ten minutes, the officers returned and met appellant's parents in the driveway. The parents were unable to make contact with appellant and wanted police to enter the home.

{¶ 6} The officers found an open window on the front porch and pushed up the screen. Officer Riccio entered the residence through the window and began moving to the front door to unlock it for the other officers. He announced himself as a Massillon Police Officer when he entered through the window, and Sgt. Smith also yelled, "We're here to check on your welfare, we want to make sure you're okay."

{¶ 7} After Officer Riccio entered through the window, the officers on the porch heard a gunshot from inside. Riccio came back outside through the window and the officers scattered, seeking cover. A man ran out the front door and was taken to the ground and handcuffed. The man was later identified as appellant's brother.

{¶ 8} Officers took cover behind their cruisers. Sgt. Smith saw appellant leaning out a window with his firearm, yelling, "I'm going to kill you mother fuckers." Appellant began shooting at the officers from the window. The officers did not return fire, fearing someone else was inside. A SWAT team was called and negotiations began with appellant. After about three hours, appellant put down his pistol, exited the home and surrendered to police.

{¶ 9} Appellant was charged with three counts of attempted murder and three counts of felonious assault, all with repeat violent offender specifications and

2

firearm specifications, and having weapons under disability. He filed a motion to suppress which was overruled by the court. The case proceeded to jury trial. The jury found him not guilty of attempted murder as to Officer Riccio and Sgt. Smith, guilty of attempted murder as to Officer McConnell, guilty of felonious assault as to all three officers, and guilty of having weapons under disability. The court merged the felonious assault conviction with the attempted murder conviction as to Officer McConnell. Appellant was sentenced to 11 years incarceration for attempted murder, 11 years incarceration for each felonious assault, 36 months incarceration for having weapons under disability to run concurrently, 9 years incarceration on the three firearm specifications and two years incarceration on each repeat violent offender specification, for a total sentence of 48 years.

*State v. Bubenchik,* 2014 WL 6066188, at *1-2 (Ohio Ct. App.) ("*Bubenchik I*").

## PROCEDURAL HISTORY

State Court Conviction

In October 2013, a Stark County Grand Jury issued a nine-count indictment charging Petitioner with three counts of attempted murder with a firearm, three counts of felonious assault with firearm, two counts of rape, and one count of having weapons under disability.[1] (Ex. 1, Doc. 17-1, at 5-9). Through counsel, Petitioner entered a plea of not guilty. (Ex. 2, Doc. 17-1, at 11).

Petitioner, through counsel, filed a motion to suppress evidence and statements made to police. (Ex. 3, Doc. 17-1, at 12-14). After a hearing, the court overruled the motion. (Ex. 5, Doc. 17-1, at 20-24); *see also* Doc. 17-2 (transcript of suppression hearing). In its judgment entry, the trial court made factual findings, and determined exigent circumstances justified the warrantless entry into the home. (Ex. 5, Doc. 17-1, at 23-24).

In December 2013, a jury found Petitioner guilty of one count of attempted murder, three counts of felonious assault, and one count of having weapons under disability. (Ex. 6, Doc. 17-1, at 25-27). The jury found Petitioner not guilty of the other two counts of attempted murder. *Id.* at

---

1. The attempted murder and felonious assault charges also carried repeat violent offender specifications. (Ex. 1, Doc. 17-1, at 5-8).

26. In January 2014, the trial court found Petitioner guilty of the repeat violent offender specifications (Ex. 7, Doc. 17-1, at 28-29), and Petitioner pleaded guilty to a single sexual imposition charge (amended from rape) (Ex. 9, Doc. 17-1, at 32-33). *See* Ex. 8, Doc. 17-1, at 30-31 (judgment entry on sexual imposition charge).

On January 15, 2014, Petitioner was ordered to serve an aggregate sentence of 48 years. (Ex. 10, Doc. 17-1, at 37-44).

<u>Direct Appeal</u>

Represented by new counsel, Petitioner filed a timely appeal to the Ohio Fifth District Court of Appeals. (Ex. 11, Doc. 17-1, at 48). He raised a single assignment of error: "The trial court's denial of the Defendant-Appellant's Motion to Suppress was an error of law." (Ex. 12, Doc. 17-1, at 49-89). The state filed a brief in response (Ex. 13, Doc. 17-1, at 90-115), and on November 10, 2014, the Court of Appeals affirmed the trial court's judgment. (Ex. 14, Doc. 17-1, at 116-123); *Bubenchik I*, 2014 WL 6066188.

Petitioner, *pro se*, filed a timely notice of appeal to the Ohio Supreme Court. (Ex. 15, Doc. 17-1, at 124-25). He asserted two propositions of law:

> I:     Did the wife call regarding the Appellant's text message or law enforcement['s] warrantless entry constitute an Exigent Circumstance?
>
> II:    Did Appellant's actions constitute a new criminal act.

 (Ex. 16, Doc. 17-1, at 127). The state filed a brief in response (Ex. 17, Doc. 17-1, at 148-66), and on April 29, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to Supreme Court Practice Rule 7.08(B)(4). (Ex. 18, Doc. 17-1, at 167).

Application for Reopening

On February 9, 2015, Petitioner filed a *pro se* motion to reopen his appeal pursuant to Ohio Appellate Rule 26(B). (Ex. 19, Doc. 17-1, at 168-77). He asserted his appellate counsel was ineffective, citing three alleged errors:

1.  The trial court abused its discretion in denying the motion to suppress.

2.  Police and prosecutorial misconduct rendered his conviction void *ab initio.*

3.  Trial counsel did not prepare for trial, held back evidence, and had Petitioner incriminate himself when there was no evidence of a crime.

*Id.* On March 27, 2015, the appellate court denied Petitioner's application (Ex. 20, Doc. 17-1, at 311-13). Specifically, the court held Petitioner's first argument was raised and considered on direct appeal, and his second and third arguments were not supported by the record (and thus, appellate counsel was not ineffective for failing to raise them on direct appeal). *Id.*

Petitioner filed a *pro se* appeal of that decision to the Ohio Supreme Court. (Ex. 21, Doc. 17-1, at 314-15). He raised three propositions of law:

I.      Did the trial court abuse its discretion in denying Appellant's Motion to Suppress from Officers warrantless entry?

II.     Did Police and Prosecutorial misconduct through false evidence and testimony render Appellant's conviction void *ab initio*?

III.    Did appellate and trial counsel's ineffectiveness of counsel infringe Appellant's constitutional right to a fair trial?

(Ex. 22, Doc. 17-1, at 316-33). The state waived a response (Ex. 23, Doc. 17-1, at 337), and on July 22, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to Supreme Court Practice Rule 7.08(B)(4), (Ex. 24, Doc. 17-1, at 338).

5

State Post-Conviction Proceedings

On December 8, 2014, Petitioner filed a *pro se* petition to vacate or set aside his judgment of conviction or sentence. (Ex. 25, Doc. 17-1, at 339-46). Therein, he also requested an evidentiary hearing. *Id.* Petitioner argued trial counsel was ineffective for failing to call as witnesses Detective Jason Golike, Bureau of Criminal Investigation Forensic Scientist Joshua Barr, and lead investigator Officer Curtis Ricker. *Id.* at 341. The state filed a response. (Ex. 26, Doc. 17-1, at 347-55). Petitioner filed a motion to amend his post-conviction petition (Ex. 37, Doc. 22-2) and a reply (Ex. 39, Doc. 29-1). To his reply, Petitioner attached: excerpted testimony from the suppression hearing and preliminary hearing, three "Evidence Submission Sheets" from officers to the Bureau of Criminal Investigation describing bullet fragments, bullet casings, a Glock pistol, and magazine for testing, and two Bureau of Criminal Investigation report regarding testing. (Ex. 40, Doc. 29-2).

The trial court denied Petitioner's post-conviction petition on April 5, 2016. (Ex. 27, Doc. 17-1, at 356-59). It concluded Petitioner had not alleged sufficient operative facts entitling him to an evidentiary hearing, and that *res judicata* barred his claims of ineffective assistance of trial counsel. *Id.* at 358.

Petitioner filed an appeal asserting a single assignment of error: "The trial court abused its discretion in not holding an evidentiary hearing." (Ex. 29, Doc. 17-1, at 360). He listed two issues for review:

I.   Did Appellant's evidence outside the record constitute *res judicata*?

II.  Did Appellant's trial counsel['s] acts of omission render ineffective assistance
     of counsel that['s] guaranteed by the Sixth and Fourteenth Amendment[s]?

*Id.* at 361. The state filed a response (Ex. 30, Doc. 17-1, at 374-89), and Petitioner filed a reply (Ex. 36, Doc. 22-1). On October 11, 2016, the appellate court affirmed the judgment of the trial

6

court. (Ex. 31, Doc. 17-1, at 390-99); *State v. Bubenchik*, 2016 WL 5930314 (Ohio Ct. App.) ("*Bubenchik II*"). The appellate court found no abuse of discretion in applying *res judicata* to Petitioner's claims based on the record. *Id.* at *2-3. Assuming *arguendo* that part of Petitioner's claim was based on evidence outside the record, the appellate court held that Petitioner had failed to show prejudice from the alleged ineffective assistance. *Id.* at *4 Further, the court found Petitioner had not shown constitutional ineffectiveness of counsel. *Id.*

Petitioner filed a *pro se* appeal of this decision to the Ohio Supreme Court. (Ex. 32, Doc. 17-1, at 400-01). He asserted three propositions of law:

I:  Did Appellant's trial counsel render ineffective assistance of counsel?

II:  Did Appellant's evidence outside the record constitute *res judicata*?

III: Did the trial court abuse its discretion in denying an evidentiary hearing?

(Ex. 33, Doc. 17-1, at 403). The state waived a response (Ex. 34, Doc. 17-1, at 434), and on April 19, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to Supreme Court Practice Rule 7.08(B)(4), (Ex. 35, Doc. 17-1, at 435).

## FEDERAL HABEAS CORPUS

On August 30, 2017[2], Petitioner filed a *pro se* petition for a writ of habeas corpus with this Court. (Doc. 1). Therein, Petitioner asserted four grounds for relief:

**GROUND ONE:**    Trial court's denial of Appellant's suppression hearing was an error of law.

**Supporting facts:**    The trial court justified officers' unlawful entry on facts not contained in the record.

---

2. Pursuant to the federal prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 15 (representing Petition was placed in the prison mailing system on August 30, 2017).

**GROUND TWO:** Appellate counsel violate[d] Appellant's Sixth and Fourteenth Amendment rights.

**Supporting facts:** Appellate counsel failed to raise police and prosecutorial misconduct, trial counsel's failure to object to evidence submitted, or present any evidence for the defense.

**GROUND THREE:** Appellant's 14th Amendment right was violated through police and prosecutorial misconduct.

**Supporting facts:** The state allow[ed] officers [to] submit and testify to evidence outside the (48 day) B.C.I. findings and fail[ed] to produce a 911 emergency recording from dispatch.

**GROUND FOUR:** Trial counsel violated Appellant's Sixth and Fourteenth Amendment rights.

**Supporting facts:** Trial counsel fail[ed] to engage in pre-trial discovery or the investigation of Officers involved in the case; fail[ed] to object to evidence submitted during trial, and neglect[ed] to present any evidence for the defense.

*Id.* at 5, 7, 8, 10. Respondent filed an Answer/Return of Writ (Doc. 17), and Petitioner filed a Reply / Traverse (Doc. 25). Respondent then filed a Sur-Reply, contending Petitioner's Reply contained new issues not raised in his original Petition. (Doc. 26). This Court agreed, and therefore ordered Petitioner to file an amended Petition "clearly set[ting] forth each proposed ground for relief, and the relevant supporting facts, in compliance with Habeas Rule 2." (Doc. 28, at 3).

Petitioner filed an Amended Petition, asserting four grounds for relief.

**GROUND ONE:** The trial court's denial of Petitioner's suppression hearing was an error of law.

**GROUND TWO:** Petitioner's Fourteenth Amendment right was violated through police and prosecutorial misconduct.

**GROUND THREE:** Trial counsel violat[ed] Petitioner's Sixth and Fourteenth Amendment rights.

**GROUND FOUR:** Appellate counsel violated Petitioner's Sixth and Fourteenth Amendment rights.

(Doc. 31, at 10, 12, 14, 17). Petitioner set forth supporting facts in support of each ground both in his Petition (Doc. 31), and in an attached memorandum in support (Doc. 31-1). Respondent filed an Answer/Return of Writ to the Amended Petition (Doc. 32), and Petitioner filed a Reply (Doc. 34). With this background, the undersigned therefore turns to the Amended Petition.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal quotations and citations omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state

9

court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

**DISCUSSION**

Respondent asserts Petitioner's claims are non-cognizable, procedurally defaulted, or meritless. For the reasons discussed below, the undersigned agrees and recommends the Amended Petition be denied in its entirety.

<u>Non-Cognizable Claim: Ground One</u>

In his first ground for relief, Petitioner asserts that the trial court's denial of his motion to suppress "was an error of law." (Doc. 31, at 10). Respondent contends this Fourth Amendment claim is not cognizable on federal habeas review. (Doc. 32, at 19-21). The undersigned agrees.

In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced in his trial." *Id.* at 494. *Powell*'s limitation on federal habeas relief is not jurisdictional in nature, but rests on "prudential concerns counseling against the application of the Fourth Amendment exclusionary rule on collateral review." *Withrow v. Williams*, 507 U.S. 680, 686 (1993). Two considerations underpin *Powell*'s general rule against federal habeas review of Fourth Amendment claims: first, the "key purpose of federal habeas corpus is to free innocent prisoners[, and] whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty"; and, second, "exclusion is a prudential deterrent prescribed by the courts, not a personal right guaranteed by the Constitution[, so] [a]ny deterrence produced by an additional layer of habeas review is small, but the cost of undoing final convictions

10

is great." *Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013) (citing *Powell*, 428 U.S. at 490, 493).

The Sixth Circuit recently interpreted and applied *Powell* in *Good v. Berghuis, supra.* The court clarified that "opportunity for 'full and fair consideration'" under the *Powell* standard "means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good,* 729 F.3d at 639. Thus, "[i]n the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id.* Instead, federal habeas courts "must . . . presume that, once a federal claim comes before a state court, the state judge will use a fair procedure to achieve a just resolution of the claim". *Id.* Applying these principles, the court held that *Powell* precluded federal habeas review of the petitioner's Fourth Amendment claim because, even though he was not granted an evidentiary hearing on his motion to suppress, he was able to present his motion to the state trial and appellate courts, which considered and rejected it. *Id.* at 640.

Petitioner takes issue with the trial court's finding of exigent circumstances, arguing that the time passed between his estranged wife's phone call and the warrantless entry "negates any reasonable belief that an emergency existed" and that officers erred in relying solely on his estranged wife's statements. (Doc. 31-1, at 3). Moreover, Petitioner contends the trial judge relied on facts outside the record in finding exigent circumstances justified the entry. *Id.* at 4-5; *see also* Doc. 34, at 8-9. Specifically, he contends the trial judge incorrectly stated: 1) there was a 911 call, and 2) "added a fact outside the record findings, that Bubenchik left a voicemail indicating he wanted to 'say goodbye one last time', then added numerous other facts that were contrary to and

11

contradicted the suppression hearing record[.]" (Doc. 31-1, at 5). Thus, he contends, he did not receive a "full and fair hearing" on this issue as required by *Powell*.

But, Petitioner was provided "an available avenue" to present his claim. *Id.* at 639. And he availed himself of that avenue. Petitioner, through counsel, filed a motion to suppress evidence and statements made to police wherein he argued the warrantless entry into Petitioner's house was unconstitutional, and all evidence obtained therein must be suppressed. (Ex. 3, Doc. 17-1, at 12-14). The trial court held a hearing on Petitioner's motion, during which Petitioner's counsel was able to thoroughly cross-examine the testifying officer and present argument. *See* Doc. 17-2 (transcript of suppression hearing). Moreover, Petitioner litigated this issue on direct appeal. *See* Exs.12 & 16, Doc. 17-1, at 49-89, 126-39. The problem with Petitioner's argument is that it focuses on the outcome of his motion to suppress, rather than whether he was provided a full and fair opportunity to litigate it. Put differently, if the state court gave Petitioner a full and fair opportunity to litigate his claim, this Court cannot disturb the state court's ruling, even if that ruling was erroneous. *See, e.g., Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."). As the Seventh Circuit succinctly explained:

> Petitioners contend that *Stone* does not apply because the state did not fairly consider their arguments under the fourth amendment. They acknowledge that the state court held an evidentiary hearing and made findings of fact, to which it applied established constitutional doctrine. Moreover, the decision was reviewed by the state's court of appeals. By all appearances petitioners received their due. Yet they contend that the findings of fact made after the evidentiary hearing are incorrect, and that as a result their fourth amendment claims must be heard anew in federal court.
>
> If *Stone v. Powell* were so easily evaded, it would not have any effect. Anyone who raised a fourth amendment claim in state court and lost would contend that the loss established failure to give fair consideration to the claim. As we held in *Weber v. Murphy*, 15 F.3d 691 (7th Cir. 1994), all that is required of a state court is fair consideration of the claim. Petitioners received that consideration. The state court

12

took evidence (according petitioners an opportunity to present their version of events), made findings, and applied well-established rules of law to the facts it found. It is both unnecessary and inappropriate for a federal court to go behind these findings.

*Brown v. McCaughtry*, 175 F.3d 1019 (7th Cir. 1999) (unpublished table disposition).

Because the state court provided a full and fair opportunity for Petitioner to litigate his Fourth Amendment claim, this Court cannot disturb its ruling. *See Good,* 729 F.3d at 640 ("Applying our test to [Petitioner's] case is straightforward. [Petitioner] could, indeed did, present his suppression motion to the state trial court, and the trial court rejected it. He presented it again to the state appellate court, and the appellate court rejected it once more. That suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*."); *see also Brown*, 175 F.3d 1019 ("By all appearances, [P]etitioner[] received [his] due."). Therefore, the undersigned recommends Ground One be denied as non-cognizable.

<u>Procedural Default and Merits: Grounds Two through Four</u>

Respondent contends Ground Two, as well as parts of Grounds Three and Four, are procedurally defaulted. Respondent further contends the remainder of Grounds Three and Four are meritless. The undersigned addresses each ground in turn below.

Petitioners must exhaust state court remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied when a petitioner has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The doctrine of exhaustion "requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A claim cannot rest on a legal theory which is separate and

13

distinct from the one previously considered and rejected in state court. *Id.*; *see also Williams v. Wolfenberger*, 513 F. App'x 466, 468 (6th Cir. 2013).

A petitioner can procedurally default a claim in two ways. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006). First, he may fail "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* The Sixth Circuit applies a four-part test to determine whether a claim has been procedurally defaulted in this way: 1) whether there is a state procedural rule applicable to the petitioner's claim, with which he has failed to comply; 2) whether the state courts actually enforced the state procedural sanction; 3) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim; and 4) if prongs one through three are satisfied, whether the petitioner has demonstrated cause for his failure to comply and actual prejudice resulting from the constitutional error. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986); *see also Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009). Second, a petitioner may default by failing "to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (internal citations and quotation marks omitted); *see also Deitz v. Money,* 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

Under Ohio law, a defendant may not raise a claim in post-conviction proceedings that could have been raised on direct appeal but was not. *Williams,* 460 F.3d at 806 (citing *Engle v. Isaac,* 456 U.S. 107, 125 n.28 (1982)). "Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted." *Id.*

*Ground Two: Police and Prosecutorial Misconduct*

On direct appeal, Petitioner only presented a single issue for review, the Fourth Amendment issue. *See* Ex. 12, Doc. 17-1, at 49-89. In post-conviction proceedings, Petitioner raised only claims of ineffective assistance of trial counsel. *See* Ex. 25, Doc. 17-1, at 339-46, Ex. 37, Doc. 22-2, and Ex. 39, Doc. 29-1. For the reasons discussed below, the undersigned finds Ground Two, asserting police and prosecutorial misconduct was not "fairly presented" to the state courts in its current form, and is procedurally defaulted.

Ohio employs a bifurcated system of appellate review. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751 (6th Cir. 2013) ("Ohio law appears to contemplate two kinds of [appellate] claims, those based only on evidence in the trial record and those based in part on evidence outside the record."). For the first type of claim—those based only on evidence contained in the trial record—a convicted defendant is expected to raise the claim on direct appeal or else the claim is barred by the doctrine of *res judicata*. As the Ohio Supreme Court stated in the syllabus of *State v. Perry*, 10 Ohio St. 2d 175 (1967), and reiterated in *State v. Cole,* 2 Ohio St. 3d 112, 114 (1982):

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment or conviction, *or on an appeal* from that judgment.

*Cole*, 2 Ohio St. 3d at114 (quoting *Perry*) (emphasis in original). Only claims involving evidence outside the trial record may first be raised in a petition for state post-conviction relief. *See McGuire*, 738 F.3d at 751-52; *Cole*, 2 Ohio St. 3d at 114 ("Generally, the introduction in [a state post-conviction] petition of evidence *dehors* the record . . . is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata*.").

15

With that background, to the extent Petitioner's claim regarding police and prosecutorial misconduct in Ground Two is based on evidence in the trial record, Ohio law required it to be raised on direct appeal. *See Perry*, 10 Ohio St.2d 175; *see also Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). Petitioner did not do so, and may not do so now; therefore that portion of Ground Two is procedurally defaulted. *See Williams*, 460 F.3d at 806; *Deitz*, 391 F.3d at 808. To the extent the claim could be construed as relying on evidence outside the trial record, Ohio law required Petitioner to raise it in a post-conviction petition. *See McGuire*, 738 F.3d at 751–52; *Cole*, 2 Ohio St.3d at114. Petitioner filed a post-conviction petition, but in it, and subsequent briefing, argued only ineffective assistance of trial counsel for failure to raise this and other issues. *See* Ex. 25, Doc. 17-1, at 339-46, Ex. 37, Doc. 22-2, and Ex. 39, Doc. 29-1. He thus, did not fairly present both the factual and legal bases for his claim to the state courts at the time review was available. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Petitioner did raise a similar claim in his Application to Reopen, arguing his appellate counsel was ineffective for failing to raise the issue of police and prosecutorial misconduct. (Ex. 19, Doc. 17-1, at 174). But presenting a claim of ineffective assistance of appellate counsel for failure to raise an underlying issue does not preserve the underlying issue for review. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("By its very nature . . . a Rule 26(B) application is a claim of ineffective assistance of appellate counsel. . . . [B]ringing an ineffective assistance of appellate counsel claim does not preserve an underlying claim for federal review because the two claims are analytically distinct.") (internal quotation and citation omitted). The Sixth Circuit further noted in *Davie* that while "any review of an ineffective assistance of counsel claim will likely include some sort of determination that the substantive claims underlying the ineffective assistance claims lack merit", a "Rule 26(B) application does not, given the comity and federalism

16

concerns implicated in habeas cases, justify reaching the merits of that claim." *Id.* at 313. Therefore, Ground Two is procedurally defaulted – either for failure to raise it on direct review, or failure to raise it in a timely post-conviction petition – and may only be considered if Petitioner can demonstrate cause and prejudice to overcome the default.

### Cause and Prejudice

Petitioner may still secure review of this claim if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] '. . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). A valid and properly preserved claim of ineffective assistance of counsel may serve as cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S 446, 453 (2000); *see also Goldberg v. Maloney*, 692 F.3d 534, 537 (6th Cir. 2012).

Petitioner appears to assert both ineffective assistance of trial counsel and ineffective assistance of appellate counsel as his "cause" to overcome this default. Petitioner exhausted an ineffective assistance of appellate counsel claim on this basis (*see* Exs. 19 & 21, Doc. 17-1, at 168-77, 314-15), and, as discussed in further detail below regarding Ground Three, an ineffective

17

assistance of trial counsel claim on this basis (*see* Exs. 25 & 29, Doc. 17-1, at 339-46, 361-73). For the reasons discussed below, the undersigned finds Petitioner's arguments cannot succeed, because, he cannot show counsel was ineffective, and even more importantly, he cannot show actual prejudice resulting from any alleged ineffective assistance.

The state appellate court considered Petitioner's ineffective assistance of appellate counsel argument in the context of Petitioner's 26(B) application and found it meritless:

> Appellant next argues that his conviction is void ab ignition [sic] due to police and prosecutorial misconduct. He specifically argues that he did not shoot at the police vehicle, and that the police officer perhaps shot at the vehicle himself before photographing the case. He argues that his conviction is supported by the officers' false testimony. The record does not support appellant's claims, and counsel was not ineffective for failing to raise these arguments on direct appeal.

(Ex. 20, Doc. 17-1, at 312). However, the Sixth Circuit does not apply AEDPA deference to this situation. "An argument that ineffective assistance of counsel should excuse a procedural default is treated differently than a free-standing claim of ineffective assistance of counsel. The latter must meet the higher AEDPA standard of review, while the former need not." *Hall v. Vasbinder*, 563 F.3d 222, 236-37 (6th Cir. 2009) (citations omitted); *see also Hale v. Burt*, 645 F. App'x 409, 415 (6th Cir. 2016). Consequently, Petitioner's claims of ineffective assistance of counsel to excuse procedural default are reviewed *de novo.*

The Supreme Court long has recognized that the Sixth Amendment right to the effective assistance of counsel at trial "is a bedrock principle in our justice system." *Martinez v. Ryan*, 566 U.S. 1, 12 (2012); *see also Gideon v. Wainwright*, 372 U.S. 335, 342-44 (1963). Ineffective assistance of counsel claims are governed by the two prong test announced by the Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must demonstrate that counsel's errors were so egregious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must show that he or

she was prejudiced by counsel's errors. To do this, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "*Strickland* specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (quoting *Strickland,* 466 U.S. at 689-90).

The Supreme Court further has held that a defendant is entitled to effective assistance of counsel in his first appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The two-part test enunciated in *Strickland* is applicable to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). For such claims, therefore, Petitioner must demonstrate that appellate counsel's performance was deficient, and that the deficient performance so prejudiced the appeal that the appellate proceedings were unfair and the result unreliable. *See Strickland,* 466 U.S. at 687.

An appellant has no constitutional right, however, to have every non-frivolous issue raised on appeal, *Jones v. Barnes*, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel, *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "[O]nly when issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (internal quotation marks and citations omitted).

At base, Petitioner's claim in Ground Two appears to be that police falsified evidence and the prosecutor elicited false testimony from officers regarding where cars were positioned and where bullet fragments were found. He also contends the prosecutor presented selective evidence,

19

failed to present at trial the audio of a phone call, and failed to call individuals from the Bureau of Criminal Investigation to testify. Notably, Petitioner can only assert ineffective assistance of appellate counsel to excuse this default if the claim should have been raised on direct review, because Petitioner represented himself (and had no right to counsel) in post-conviction proceedings.

And, on *de novo* review, the undersigned finds Petitioner cannot show cause or actual prejudice. Given the evidence presented at trial, and facts as determined by the appellate court (*see Bubenchik I*, 2014 WL 6066188, at *1-2), Petitioner has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. That is, he has not shown a reasonable probability that had appellate counsel raised a claim of police and prosecutorial misconduct on appeal, he would have succeeded. This is so because "only when issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua*, 341 F.3d at 441 (internal quotation marks and citations omitted). The evidence presented at trial indicated that Petitioner was the only individual shooting, and that thirteen bullet casings were recovered and connected to Petitioner's firearm. Moreover, Petitioner himself admitted at trial to shooting at a police vehicle. And, Petitioner has not shown the appellate court's factual findings to be incorrect by clear and convincing evidence. *See* 28 U.S.C. § 2254(e).[3] To repeat, the state appellate court held:

> {¶ 7} After Officer Riccio entered through the window, the officers on the porch heard a gunshot from inside. Riccio came back outside through the window and the officers scattered, seeking cover. A man ran out the front door and was taken to the ground and handcuffed. The man was later identified as appellant's brother.

---

3. Although Petitioner has presented his own version of the facts, he has not presented evidence to establish by clear and convincing evidence that the facts found by the state appellate court were incorrect.

{¶ 8} Officers took cover behind their cruisers. Sgt. Smith saw appellant leaning out a window with his firearm, yelling, "I'm going to kill you mother fuckers." Appellant began shooting at the officers from the window. The officers did not return fire, fearing someone else was inside. A SWAT team was called and negotiations began with appellant. After about three hours, appellant put down his pistol, exited the home and surrendered to police.

*Bubenchik I,* 2014 WL 6066188, at *1.

Petitioner's argument that there was some inconsistency in the record is not "clearly stronger" than the Fourth Amendment issue counsel presented on direct appeal. Indeed, although review is *de novo*, the undersigned notes that the appellate court in affirming the denial of Petitioner's post-conviction claim of ineffective assistance of trial counsel on a similar basis (discussed in greater detail below), explained:

{¶ 17} In regard to the aforesaid BCI reports, the record would again reflect that these documents were provided in discovery, although we do not presently ascertain that they were referenced as part of the trial exhibits. Appellant herein essentially asserts that said investigative reports reveal several discrepancies in the State's case as to where certain bullet fragments were found and which officers and police vehicles were targeted. However, assuming arguendo this information is indeed *dehors* the record and not blocked by *res judicata,* appellant fails to persuade us that his defense was thereby prejudiced on this point. *Strickland, supra.* It has been aptly stated that "the evidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." *State v. Coleman,* 1st Dist. Hamilton No. C–900811, 1993 WL 74756.

*Bubenchik II,* 2016 WL 5930314, at *4. The undersigned agrees, and finds this analysis of prejudice equally applicable to Petitioner's ineffective assistance of appellate counsel claim. That is, Petitioner has not shown that the alleged discrepancies he points to would have changed the outcome of either his trial, or his appeal.

Because the undersigned finds Petitioner cannot show *Strickland* prejudice, he necessarily also cannot show prejudice for a cause and prejudice analysis. *See Hall*, 563 F.3d at 237 ("The

21

prejudice analysis for the procedural default and the prejudice analysis for the ineffective assistance of counsel argument are sufficiently similar to treat as the same in this context."). Thus, the undersigned finds Petitioner has not demonstrated cause or prejudice to overcome the default of Ground Two, and recommends the Court find it procedurally defaulted.

*Ground Three: Ineffective Assistance of Trial Counsel*

In Ground Three, Petitioner asserts ineffective assistance of trial counsel. (Doc. 31, at 14-17). Specifically, he asserts that trial counsel: 1) deprived him of discovery; 2) failed to review evidence and 3) failed to raise what is now Ground Two of the Petition. Respondent argues this claim is partially procedurally defaulted, and partially meritless. The undersigned agrees, and recommends Ground Three be denied.

Petitioner did not present an ineffective assistance of trial counsel claim on direct appeal. *See* Ex. 12, Doc. 17-1, at 49-89. He presented such a claim (in the context of his ineffective assistance of appellate counsel) in his Rule 26(B) application, but as discussed above, this does not preserve the underlying claim for review. *Davie*, 547 F.3d at 312. He did, however, present an ineffective assistance of trial counsel claim in his post-conviction petition. The appellate court set forth the *Strickland* standard, and then denied the petition, in part based on *res judicata*, and in part on the merits. *See Bubenchik II*, 2016 WL 5930314.

First, the state court found Petitioner's ineffective assistance of trial counsel claim in large part barred by *res judicata* because it was based upon information in the trial record. *Bubenchik II*, 2016 WL 5930314, at *3. Specifically, the court explained that Petitioner's arguments regarding crime scene photographs and diagrams, preliminary hearing and trial testimony, were based on the trial record and thus barred by *res judicata* as Petitioner could have raised them on direct appeal.

22

*Id.* This is an adequate and independent state law ground barring federal habeas relief of these claims. *See Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir. 2012).

Next, the state court addressed Petitioner's claims regarding the BCI reports, noting that "the record would again reflect that these documents were provided in discovery". *Bubenchik II*, 2016 WL 5930314, at *4. Thus, the court applied the same *res judicata* bar to such claims. The state court's alternative holding on this point ("However, assuming *arguendo* this information is indeed *dehors* the record and not blocked by *res judicata* . . . ", *Bubenchik II*, 2016 WL 5930314, at *4) does not change this analysis. *See Scott v. Mitchell*, 209 F.3d 854, 865 (6th Cir. 2000) (finding state court's alternative merits analysis does not excuse procedural default when the court clearly and expressly relied on a procedural bar). Thus, Petitioner's ineffective assistance of trial counsel claim based upon the trial record is procedurally defaulted. And, as discussed both above and below, Petitioner's ineffective assistance of appellate counsel claim cannot serve as cause to overcome this default.

Second, as to Petitioner's arguments that trial counsel was ineffective for failing to interview witnesses, obtain a ballistics expert, and adequately communicate with Petitioner – the state court addressed these claims on the merits. *Bubenchik II*, 2016 WL 5930314, at *4. The court explained:

> {¶ 18} Appellant secondly contends that his trial counsel was ineffective for allegedly failing to interview various witnesses and/or police officers, procure a ballistics expert, and adequately communicate with appellant. Assuming *arguendo* trial counsel did not pursue sufficient pretrial investigation as alleged herein by appellant, a particular decision by a trial attorney not to investigate an issue must be assessed for reasonableness in light of all the circumstances, with the application of "a heavy measure of deference to counsel's judgments." *See Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, 106 S.Ct. 2574. Furthermore, this Court has recognized that " * * * complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *State v. Phillips,* 5th Dist. Stark No.2010CA00338, 2011–Ohio–6569, ¶ 26, quoting

23

> *Buckelew v. United States* (5th Cir. 1978), 575 F.2d 515, 521 (internal quotation marks omitted).
>
> {¶ 19} We find appellant in this regard has chiefly relied on the self-serving memorandum he presented with his petition and his present undeveloped suggestion that the aforesaid evidence would have revealed discrepancies in his case. Appellant thus fails to demonstrate in what manner he was prejudiced by trial counsel's performance. Upon review of the record and the post-conviction pleadings, we hold the trial court did not abuse its discretion in denying appellant's petition and amended petition for post-conviction relief without conducting an evidentiary hearing.

*Bubenchik II*, 2016 WL 5930314, at *4. Upon AEDPA review, the undersigned finds this determination is not an unreasonable application of, or contrary to, clearly established federal law. The Supreme Court has observed that the standards imposed by *Strickland* and § 2254(d) are both "highly deferential," so that in applying them together, "review is 'doubly' so." *Harrington*, 562 U.S. at 105. The state court reasonably found Petitioner had not presented evidence that his counsel performed deficiently, or that he was prejudiced thereby. This is so for many of the reasons discussed above in relation to Petitioner's ineffective assistance of appellate counsel claim.

*Ground Four: Ineffective Assistance of Appellate Counsel*

In Ground Four, Petitioner asserts ineffective assistance of appellate counsel for failing to raise: 1) police and prosecutorial misconduct; and 2) ineffective assistance of trial counsel. (Doc. 31, at 17-18); *see also* Doc. 31-1, at 11-12; Doc. 34, at 16-18. In large part, Petitioner asserts ineffective assistance of appellate counsel for failing to raise the issues now presented as Grounds Two and Three. Respondent contends this ground fails on the merits. The undersigned agrees and recommends it be denied.

Petitioner exhausted a claim of ineffective assistance of appellate counsel in his Rule 26(B) application by raising it before both the appellate court, and the Ohio Supreme Court. *See* Exs. 19 & 22, Doc. 17-1, at 168-77, 316-33. There, he argued appellate counsel was ineffective for failing

to raise (or sufficiently raise): 1) abuse of discretion in denying the motion to suppress; 2) police and prosecutorial misconduct, and 3) trial counsel's ineffectiveness in failing to prepare for trial, holding back evidence, and having Petitioner incriminate himself. *See* Exs. 19 & 22, Doc. 17-1, at 168-77, 316-33. Preliminarily, only those ineffective assistance of appellate counsel claims raised in Petitioner's 26(B) application are preserved for review. To the extent Petitioner argues appellate counsel was ineffective for additional reasons not raised there, those claims are defaulted. *See Wong*, 142 F.3d at 322; *Williams*, 460 F.3d at 806.

As noted above, "*Strickland* specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen*, 563 U.S. at 196 (quoting *Strickland,* 466 U.S. at 689-90). And this Court's review in applying the "highly deferential" standards of *Strickland* and § 2254(d), means that in applying them together, "review is 'doubly' so." *Harrington*, 562 U.S. at 105. Further, "only when issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua*, 341 F.3d at 441 (internal quotation marks and citations omitted).

The state appellate court denied Petitioner's Rule 26(B) application for reopening, stating:

In *State v. Reed*, 74 Ohio St.3d 534, 535 . . . (1996), the Supreme Court held that the two prong analysis found in *Strickland v. Washington*, 466 U.S. 668 . . . (1984), is the appropriate standard to assess a defense request for reopening.

In *Strickland v. Washington*, the United States Supreme Court held that in order to establish a claim for ineffective assistance of counsel the appellant must show (1) that counsel's performance was deficient, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment and, (2) that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable. *Id.* at paragraph six of syllabus.

Appellant first argues that the trial court abused its discretion in denying his motion to suppress. This argument was raised and considered by this Court on direct appeal.

Appellant next argues that his conviction is void ab ignitio [sic] due to police and prosecutorial misconduct. He specifically argues that he did not shoot at the police vehicle, and that the police officer perhaps shot at the vehicle himself before photographing the car. He argues that his conviction is supported by the officers' false testimony. The record does not support appellant's claims, and counsel was not ineffective for failing to raise these arguments on direct appeal.

Appellant argues that his trial counsel put forth no effort in preparing for trial, and held back evidence that would prove that appellant was truthful in his testimony. He argues that counsel had appellant incriminate himself when there was no evidence of a crime. The record does not demonstrate this claim of ineffective assistance of trial counsel, and appellate counsel was therefore not ineffective for failing to raise this argument on direct appeal.

(Ex. 20, Doc. 17-1, at 311-13).

For the same reasons discussed above, the undersigned finds that this decision is not contrary to, nor an unreasonable application of, clearly established federal law regarding ineffective assistance of counsel. *See* 28 U.S.C. § 2254(a); *Strickland*, 466 U.S. 668. Moreover, because, as discussed *supra*, Petitioner's claim for ineffective assistance of appellate counsel fails as sufficient cause and prejudice to excuse the procedurally defaulted claim in Ground Two under a *de novo* review, the "independent claim necessarily fails under the stricter AEDPA standard of review." *Hall,* 563 F.3d at 239 (citing *Joseph v. Coyle,* 469 F.3d 441, 459 (6th Cir. 2006)).

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be denied in its entirety. Ground One is not cognizable in a habeas proceeding. Ground Two is procedurally defaulted. Ground Three is partially procedurally defaulted, and partially meritless. Ground Four fails on the merits.

s/ James R. Knepp II
United States Magistrate Judge

26

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).