UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN P. BUBENCHICK, JR., *Pro Se*, | Case No.: 5:17 CV 1890 |
| Petitioner | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| WARDEN ED SHELTON, | |
| Respondent | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *Pro Se* Petitioner Steven Bubenchik's Amended Petition for Writ of Habeas Corpus (ECF No. 31). Pursuant to Local Rule 72.2, the matter was referred to Magistrate Judge James R. Knepp II for a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Knepp's R & R that the Petition be denied in its entirety.

On September 8, 2017, Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in state court on one count of attempted murder with firearm and repeat violent offender specifications, three counts of felonious assault with firearm and repeat violent offender specifications, and one count of having weapons under a disability. (R & R at 3–4, ECF No. 36.) As a result of the conviction, Petitioner was sentenced to an aggregate of forty-eight (48) years' imprisonment. (*Id.* at 4.) Petitioner asserted the following four grounds for relief and supporting facts in his Petition:

> GROUND ONE: Trial court's denial of Appellant's suppression hearing was an error of law.

| | |
|---|---|
| Supporting facts: | The trial court justified officers' unlawful entry on facts not contained in the record. |
| GROUND TWO: | Appellate counsel violate[d] Appellant's Sixth and Fourteenth Amendment rights. |
| Supporting facts: | Appellate counsel failed to raise police and prosecutorial misconduct, trial counsel's failure to object to evidence submitted, or present any evidence for the defense. |
| GROUND THREE: | Appellant's 14th Amendment right was violated through police and prosecutorial misconduct. |
| Supporting facts: | The state allow[ed] offices [to] submit and testify to evidence outside the (48 day) B.C.I. findings and fail[ed] to produce a 911 emergency recording from dispatch. |
| GROUND FOUR: | Trial counsel violated Appellant's Sixth and Fourteenth Amendment rights. |
| Supporting facts: | Trial counsel fail[ed] to engage in pretrial discovery or the investigation of officers involved in the case; fail[ed] to object to evidence submitted during trial[;] and neglect[ed] to present any evidence for the defense. |

(Pet. at 5–10, ECF No. 1.) Respondent Warden Ed Shelton filed an Answer/Return of Writ (ECF No. 17) on March 7, 2018, and Petitioner filed a Reply/Traverse (ECF No. 25) on May 25, 2018. Respondent then filed a Sur-Reply (ECF No. 26), arguing that Petitioner raised new issues in his Reply that were not included in the Petition. Judge Knepp agreed and ordered Petitioner to file an amended petition in compliance with Habeas Rule 2. (Order at 3, ECF No. 28.)

Petitioner filed his Amended Petition (ECF No. 31) on July 23, 2018, asserting four grounds for relief:

| | |
|---|---|
| GROUND ONE: | The trial court's denial of Petitioner's suppression hearing was an error of law. |
| GROUND TWO: | Petitioner's Fourteenth Amendment right was violated through police and prosecutorial misconduct. |
| GROUND THREE | Trial counsel violate[d] Petitioner's Sixth and Fourteenth |

> Amendment rights.
>
> GROUND FOUR: Appellate counsel violated Petitioner's Sixth and Fourteenth Amendment rights.

(Am. Pet. at 10–18, ECF No. 31.) Petitioner lays out supporting facts for each ground in the Amended Petition and in an attached memorandum of law (ECF No. 31-1). Respondent filed an Answer/Return of Writ (ECF No. 32) on July 31, 2018, and Petitioner filed a Reply/Traverse (ECF No. 34) on September 5, 2018.

Judge Knepp submitted his R & R on July 12, 2019, recommending that the court deny and dismiss the Amended Petition in its entirety. The R & R finds that "Ground One is not cognizable in a habeas proceeding"; "Ground Two is procedurally defaulted"; "Ground Three is partially procedurally defaulted, and partially meritless"; and "Ground Four fails on the merits." (R & R at 26, ECF No. 36.) After Petitioner sought additional time to file an objection (Petr's Mot. Extension of Time, ECF No. 37), the court granted an extension until August 20, 2019.

On August 16, 2019, Petitioner timely filed an Objection to Judge Knepp's R & R. (Petr's Obj., ECF No. 39.) However, the Objection does not raise any new arguments, nor does it directly address the factual findings and legal conclusions in Judge Knepp's R & R. Petitioner instead reiterates the arguments he raised in his Petition and Reply/Traverse. (*See* ECF Nos. 31, 34.) An objection that summarizes what has already been presented, or merely states a disagreement with a magistrate's conclusion, is not an objection. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

After a careful *de novo* review of Judge Knepp's R & R, as well as Petitioner's Objection and all other relevant documents in the record, the court finds that Judge Knepp's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Petitioner has not established that his federal rights were violated. Accordingly,

the court adopts as its own Judge Knepp's R & R (ECF No. 36) in its entirety and hereby denies and dismisses the Petition for Writ of Habeas Corpus (ECF No. 31). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 19, 2019